IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CR-42-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING TRIAL** |
| | ) | |
| MARK DONALD BISHOP, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court yesterday, 26 March 2013, for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an investigator with the Rocky Mount Police Department assigned to a task force of the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a three-count indictment on 14 February 2013 with: possession of a firearm by a convicted felon on or about 12 September 2012 (ct. 1) and on or about 3 October 2012 (ct. 3) in violation of 18 U.S.C. §§ 922(g) and 924; and possession of a

stolen firearm on or about 12 September 2012 in violation of 18 U.S.C. §§ 922(j) and 924 (ct. 2). The evidence presented at the hearing showed that the charges arise from two recorded controlled purchases of firearms from defendant on the alleged offense dates. Defendant subsequently admitted to the sales and to the stolen nature of both guns sold, but because he was high on heroin at the time could not identify which firearm was involved in which sale. In his statements to police, he also threatened the confidential source who was the purchaser in the controlled transactions.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offenses charged; the circumstances of the offenses charged, including the potential term of imprisonment defendant faces; defendant's criminal record, including 12 felony convictions, 25 misdemeanor convictions, 3 probation revocations, and his continual commission of offense conduct despite repeated incarcerations; the danger of continued gun-related offense conduct by defendant if released; defendant's heroin addiction; defendant's lack of a stable residence; the unsuitability of the proposed third-party custodial arrangement due to the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as his ties to local community. It finds, however, that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility

separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 27th day of March 2013.

James E. Gates
United States Magistrate Judge